[No. 12392. Department One. February 11, 1915.]

LEWIS S. BARNARD *et al., Respondents,* v. D. F. CLARKE, *Appellant.*[1]

Cross-appeals from a judgment of the superior court for Thurston county, Claypool, J., entered April 16, 1914, in favor of the plaintiffs, in an action for equitable relief, tried to the court. Affirmed.

*Alfred P. Dobson* and *Bigelow & Manier,* for appellant.
*W. H. Abel, R. H. Fry,* and *Fred A. Sarjent,* for respondents.

PER CURIAM.—This action was brought to set aside certain conveyances made by the plaintiff to the defendant, to rescind the record acceptance of a deed to certain property conveyed by defendant to plaintiff, and for other equitable relief. The court below entered a decree in favor of the plaintiff, conditioned upon the payment of the sum of $1,250 into the registry of the court by the plaintiff for the use and benefit of defendant. Clarke has appealed from all of the decree, and Barnard has appealed from that part of the decree awarding Clarke a judgment in the sum of $1,250. The transaction leading up to the suit between the parties is so intricate and involved that it would serve no useful purpose to detail the facts. An epitomization of the briefs filed by counsel would go far beyond the limits of any of our written opinions. Various grounds are urged for the setting aside of the conveyances and restoring the

[1]Reported in 146 Pac. 175.

parties to their original status. Clarke insists that none of them are sufficient. It may be that any one of the circumstances relied on would be insufficient, but taking the case by its four corners, we are not prepared to say that the findings of the trial judge are not sustained by a preponderance of the evidence. Although both sides cite authorities, there is no question of law involved, and no authorities are cited other than cases tending to sustain the conclusion of fact drawn by counsel. It may be admitted that, if the facts are as respective counsel contend, the proffered rule would follow.

We think the decree of the trial judge is as nearly right as it is possible for any court to render, considering the mystifying tangle of fact into which the parties to this action involved themselves.

The judgment of the lower court is affirmed.